GORGONIA LUCIANO, Plaintiff and Appellant, v. WORKMEN'S RELIEF COMMISSION, Defendant and Appellee.

No. 3872.   Argued May 6, 1926.—Decided July 30, 1926.

Arjona & Arjona for the appellant.   George C. Butte, C. Llauger and Emilio Aldrey for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Petitioner asked for an alternative writ of mandamus on the ground that in spite of the fact that more than a year had passed and despite the continuous efforts that petitioner had made the commission had failed to take action on the proceeding commenced by said petitioner. The district court denied the writ in the following order:

"Considering the petition filed by Gorgonia Luciano for an alternative writ of mandamus against the Workmen's Relief Commission of Porto Rico, as there is no allegation in it that the petitioner does not have another adequate and effective remedy in the ordinary course of the law, which allegation is an indispensable requisite in every petition for mandamus, in accordance with section 3 of the Act establishing the writ of mandamus, approved on March 12, 1903; and as, furthermore, in the fourth paragraph of the petition

there is only a general averment of the efforts made by the plaintiff, without specifying them, and also without expressing the manner in which the respondent commission has refused to decide the case, the court is of the opinion that the alternative writ of mandamus asked for by the plaintiff should not be issued and, therefore, denies the petition.''

While the law says a mandamus will not issue when there is an adequate remedy at law, we agree with appellant that, as against the commission, there is no other remedy than a mandamus. We doubt, in any case, whether the averment of a lack of other remedy is essential to a pleading, but we have no doubt that such an allegation is not necessary when from the facts of a petition for mandamus the lack of another remedy appears. This covers the first two assignments of error.

The remaining errors may also be grouped. The fourth paragraph of the petition was as follows:

''That notwithstanding the lapse of more than one year since the accident, death and petition to which reference has been made, the respondent has rendered no decision concerning the rights of the plaintiff and her husband in connection with the relief sought, as above stated; and notwithstanding the continuous efforts of the plaintiff the respondent refuses to decide the case.''

We doubt if the statement of the efforts made by appellant was a mere conclusion of law. We incline to the view that it was the more defective statement of a previous demand. Hence, we think the court in a case of this kind should have given a liberal construction to the language and issued the writ.

However, we do not care to found our conclusion on this ground alone. We do not agree with the appellant that a claim for damages by a workman partakes of such a public character as to make his case fall within the exception, to be found in the books, excusing the lack of a previous demand. What we do hold, however, is that the Legislature has evinced its intention that action under the Workmen's Com-

pensation Act should be rapid even to the point of providing that cases arising under it and appealed to this court should be given preference. A workman's former remedies, such as he had, are stilled by the Act.

When a workman's case, then, has prima facie been delayed for more than a year we hold that no previous demand was necessary to set in motion the machinery of the commission and require it to act in his case.

The order will be reversed and the case sent back for further proceedings not inconsistent with this opinion.

Mr. Justice Hutchison took no part in the decision of this case.